IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL TODD MAYER,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF NORFOLK NE, (POLICE),<br><br>             Defendant. | **8:25CV351**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff Michael Todd Mayer ("Mayer" or "Plaintiff") is a pro se plaintiff residing in Uehling, Nebraska. Filing No. 1 at 2. Mayer sues the "City of Norfolk, Ne, (Police)" alleging a violation of his civil rights.[1] *See id.* Construed liberally, Mayer appears to allege the Police Department for the City of Norfolk (the "Police Department") caused Mayer severe emotional distress and loss of property. *See id.* at 6. In support, Mayer briefly summarizes several incidents occurring throughout 2022. *See id.* at 4-5. These incidents, as described in the Complaint, include the following:

- People drove their cars at full speed at Mayer while he was sleeping in a Walmart parking lot. The Police Department told Mayer he was "mental."

---

[1] Mayer's allegations are somewhat difficult to discern due to poor handwriting, which he acknowledges and apologizes for, explaining that he wrote the Complaint while his hand was fractured. *See* Filing No. 1 at 8.

- For unknown reasons, people took photos of Mayer throughout town.  The Police Department called Mayer "crazy."

- Mayer was stalked by gangs and wherever he would park, someone would "mess" with him.  The Police Department again called Mayer "crazy."

- An individual, who was going to federal prison for other charges, came to Mayer's motel to murder him.  The Police Department again called Mayer "crazy."

- Police circled Mayer and demanded his identification after false reports that Mayer had been selling drugs.  Mayer claims he was not selling drugs but was playing with his dog.

- Police pulled a gun on Mayer after he and his mother were arguing in a parking lot.

- Police failed to act when Mayer reported that his neighbors threatened him with violence.

- Mayer was illegally evicted.

- Mayer checked himself into a psychiatric hospital and was held prisoner for a week.  He was forced to take pills he was not supposed to take.

- Mayer is humiliated because he is always under doctor supervision for his disability, even though he has never been arrested or investigated.

- An unknown man threatened Mayer at Hy-Vee.  Police failed to do anything about it.

- Mayer moved to Carroll, Nebraska, where he was illegally evicted.

- A local Norfolk man said on Facebook that he was going to ruin Mayer's life.  After that, "the real violence started" and Police "did nothing—except call me crazy."

Filing No. 1 at 4-5.

Mayer does not identify the individual officers involved.  However, he claims that he requested this information in a request under the Freedom of Information Act, which was ultimately denied.  *Id*. at 2.  Mayer claims there were "many many Norfolk officers

involved." *Id*. Mayer claims he suffered severe trauma, nightmares, defamed character, and heart failure. *Id*. at 6. He also implies that he lost property due to vandalism. *Id*.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within

3

the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF COMPLAINT

Liberally construing Mayer's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Mayer's Complaint fails to state a claim for several reasons.

### A.  Sufficiency of the Complaint

As a preliminary matter, Mayer's Complaint overall lacks sufficient support to give notice of any claim. The Court reaches this conclusion keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a

manner which, taking the pleaded facts as true, states a claim as a matter of law.").  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, many of Mayer's allegations fail to connect the Police Department and the alleged wrongdoing.  Moreover, the Court can identify no federal or state statutory constitutional provision that would give rise to a plausible claim for relief against the Police Department.  For example, many of Mayer's claims seem to be based on the premise that the Police Department failed to protect him against real or perceived threats of violence.  However, the "Due Process Clause of the Fourteenth Amendment 'generally does not provide a cause of action for a state's failure to protect an individual against private violence.'" *Melendez v. City of Grand Island*, 166 F.4th 737, 739 (8th Cir. 2026) (quoting *Montgomery v. City of Ames*, 749 F.3d 689, 694 (8th Cir. 2014) (cleaned up)).  Because Mayer's allegations are difficult to discern and are without a factual or legal basis, this action is subject to dismissal on initial review.  *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## B.  Suit Against the Police Department

Even if Mayer alleged sufficient facts to support a claim, and to the extent his claim is against the Police Department for the City of Norfolk, the Police Department must be dismissed because it is not a suable entity.  *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is

department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

## C. Suit Against the City of Norfolk

To the extent Mayer sues the City of Norfolk, he has not stated a claim. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691. To prevail on a claim alleged against the City of Norfolk, Mayer must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Therefore, the first inquiry in any case alleging municipal liability under § 1983 is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To establish a municipal policy is at issue a plaintiff must point to "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Further, the plaintiff must establish that the policy was the "moving force" behind a constitutional violation. *Id.* (quoting *Monell,* 436 U.S. at 694).

Mayer has not referenced a custom or policy. Nor do his allegations support an inference that a custom or policy was the moving force behind any of his potential claims. Accordingly, Mayer has not stated a claim against the City of Norfolk.

### V. CONCLUSION

Mayer's Complaint does not allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Mayer's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, out of an abundance of caution, the Court on its own motion will give Mayer an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1.   Mayer shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Mayer. In the amended complaint, Mayer must comply with federal pleading requirements.

2.   In the event Mayer files an amended complaint, Mayer shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Mayer is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.   The Court reserves the right to conduct further review of Mayer's claims in the event he files an amended complaint.

Dated this 16th day of June, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge